The chief justice now delivered the opinion of the court, in the following manner:
 

 McKean, Chief Justice.
 

 In pronouncing the opinion of the court, on the point reserved for their consideration, I shall premise, that bonds and promissory notes in writing stood on the same footing, at common law ; and that the assignment of those instruments, as well as the form, operation and effect of such assignment, depends entirely upon the municipal law of the place where it is made.
 

 By an act of assembly of Pennsylvania, passed on the 28th day of May 1715, entitled “An act for the assigning of bonds, specialties and promissory *4431 n0,fces>” it is recited in the preamble, “that it hath *been-held, that *443 bonds and specialties, under hand and seal, and notes in writing, signed by the party who makes the same, whereby such party is obliged, or promises to pay unto any other person, or his order, or assigns, any sum of money therein mentioned, are not by law assignable or indorsible over to any person, so as that the person to whom the said bonds, specialties, note or notes, is or are assigned or indorsed, may, in their own names, by action at law, or otherwise, recover the same,” &c. (1 Sm. Laws 90.)
 

 This, then, is conclusive as to the operation or effect of the assignment of. a bond, or the indorsement of a note, previously to the passing of the
 
 *457
 
 act; for no assignment or' indorsement could take place by law, though it might in equity ; and the assignee or indorsee could not, in any case, sue in his own name. The act, however, afterwards provides for such assignment and indorsement
 
 toties quoties:
 
 it also declares, that the person or persons to whom the assignment or indorsement is made, may in his, her or their name or names, sue at law, “ for the recovery of the money mentioned in the bond, specialty or note, or so much thereof as shall appear to be due at the time of the assignment, in like manner as the person or persons to whom the same was or were made payable, might or could have doneand that “ the assignors shall not, after the assignment, have power to release any of the debts or sums of money really due by the said bonds, specialties or notes.”
 

 The question before the court must be decided upon a just construction of the parts of the act of assembly, to which I have just referred. Throughout the whole of this act, bonds and promissory notes are placed exactly on the same footing ; except, indeed, that bonds and specialties are to be assigned under hand and seal, and in the presence of two or more credible witnesses. How, then, can the court make any distinction or difference between assignees of the one, and indorsees of the other? They certainly may both sue in their own names, and respectively recover the money mentioned in the bonds or notes, assigned or indorsed, or so much thereof as shall be really due thereon, or in like manner as the obligees or payees could have done ; but, surely, this seems to be equally clear, that neither can recover more than what was really due at the time of the assignment or indorsement; in other words, no more than the original payees could have done, prior to the. transfer.
 

 Before this act was passed, it appears, that actions by the payee of a promissory note were not maintained, nor can they since be maintained, otherwise than by extending the English statute oí 3 & 4
 
 Ann., c.
 
 9, § 1. Actions upon promissory notes were probably brought here, soon after the passing of the statute, by attorneys who came from England, and were accustomed to the forms of practice in that kingdom, but did not, perhaps, nicely attend to the discrimination with regard to the extension or adoption of statutes. *1 have no doubt, indeed, that many acts of parliament, passed, not only before, but subsequent to the [*444 union of England and Scotland, have, by the same means, been introduced and practised upon in Pennsylvania ; and as experience has proved such proceedings to be beneficial, so constant and uninterrupted usage has given them a legal existence, that cannot now be shaken or destroyed. But the indorsees of promissory notes, according to the best information which we can obtain, have never grounded their actions against the maker, upon any other basis than the act of assembly, now under consideration ; though I think, the action by an indorsee against the indorser, must be founded on the statute of
 
 Anne,
 
 and the usage under it, as no such action is given by the act.
 

 The question, so far as it relates to the assignees of bonds, has been determined in the affirmative, in the supreme court of Pennsylvania, before the revolution. See
 
 Wheeler
 
 v.
 
 Hughes, ante,
 
 p. 23. And as, on the one hand, the legislature has made no difference whatever between the assignees of bonds, and the indorsees of notes, so, on the other, we cannot discover
 
 *458
 
 any solid or good' reason to introduce a distinction in tbe particular case before us.
 

 Upon the whole, we .are unanimously of opinion, that the indorsee of a promissory note does take it, subject to all equitable considerations to which the same was subject in the hands of the indorser, the original payee. And, therefore,
 

 Let the defendant have a new trial,
 
 (a)
 

 (a)
 

 See Stille
 
 v.
 
 Lynch, 2 Dall. 194. Subsequently to the decision'of McCullough Houston, an act was passed to render notes negotiable, dated in the city or county of Philadelphia, and containing the words “withoutdefalcation,” &c. (3 Sm. L. 278). And notes or bills discounted at the bank of Pennsylvania were placed on the footing of foreign bills of exchange (except as to damages), by an act passed the 30th March 1793 (3 Sm. L. 97). It is not to be disguised, however, that the authority of McCullough
 
 v.
 
 Houston, has often been doubted in the argument of counsel, and sometimes shaken by the opinion of the court. In Ludlow v. Bingham, in the high court of errors and appeals, July sessions 1799, 4 Dall. 47, Mr. Snippen, the present chief justice and Mr. Addison, then the president of a circuit of courts of common pleas, declared, that a note “ expressed in commercial form, was negotiable upon commercial principles,” notwithstanding the case of McCullough
 
 v.
 
 Houston, and independently of the act of assembly. In Gray v. Sutton, 8 S. & R. 483, C. J. Tilghman said of this case, that although it has not been denied for law, yet it certainly has not been generally approved of.” Afterwards, in Lewis v. Reeder, 9 S. & R. 197, and Ridgway v. Farmers’ Bank, 12 Id. 265, a similar opinion was expressed of this case, by the same learned judge. And see Cromwell
 
 v.
 
 Arrott, 1 S. & R. 180; Harrisburg Bank
 
 v.
 
 Meyer, 6 Id. 537; Lighty
 
 v.
 
 Brenner, 14 Id. 127; Humphreys
 
 v.
 
 Blight, 4 Dall. 370; s. c. 1
 
 W.
 
 C. C. 44; Evans
 
 v.
 
 Smith, 4 Binn. 66.
 
 [1]
 

 [1]
 

 The case of McCullough
 
 v.
 
 Houston, after having been frequently questioned as sound law, was formally overruled, in Bullock
 
 v.
 
 Wilcox, 7 Watts 328, where it was decided, that the
 
 bond fide
 
 holder for value, and without notice, of a negotiable note, payable to A. or bearer, is entitled to recover on it, against the maker, free from all subsisting equities between the original parties, on a review ol all the authorities, by Judge Kennedy. And see Smith
 
 v.
 
 Hogeland, 78 Penn. St. 252.