Thé opinion of the Court was delivered by
Tilghman C. J. —
In the Court below, the case was considered as depending on the construction of the 8th section of the “ Act regulating Banks,” passed the 21st March, 3814, I shall consider it in the same point of view, without giving any opinion of the law independent of that Act of Assembly. In the section referred to, it is enacted, that “ all notes or bills discounted by any of the Banks incorporated by virtue of that Act, or deposited for collection, and falling due at any of the said Banks, shall be placed on the same footing as foreign bills of exchange, or as bills obligatory ; so that the like benefit shall be had in the payment, and the like remedy for the recovery thereof against the drawers and endorsers and their representatives, and with the like effect, except so far as relates to damages.” It is not denied by the counsel for the defendant, that the right of set-off would have been taken away, if this note had been discounted by the Bank of Pittsburg; but it is contended, that by falling due at the Bank, is meant, being drawn, payable at a certain Bank, and therefore this case is not within the law, because the note is not payable at any particular Bank or place. I cannot agree with the counsel for the defendant. When a note is deposited in a Bank for collection, and remains there until the time of payment, it falls due at that Bank ; so that the case is directly within the -words of the Act, and there are many reasons which induce me to think, it is within the intent of it. Promissory notes will not answer the purposes of commerce, when they afe liable to defalcation, or set-off. And although the ease of McCullough v. Houston, 1 Dall. 441, in which it was decided, that the endorsee of a note, takes it subject to all considerations, legal or equitable, which might have been set up by the drawer against the original payee, has not been denied for law, yet it certainly has not been generally approved of; and the inconvenience of that principle was so severely felt in the commercial part of the State, that the Legislature thought proper to alter the law within the city and county of Philadelphia by the Act of 27"th February, 1797. When Banks were established through *484 out the State, it was found necessary to guard against defalcation> which would have defeated the circulation of notes, and consequently paralised all Bank operations. This was the reason of the provision in the 8th section of the Act reguiating Banks, by which promissory notes were put on the same footing as bills of exchange. And we may easily perceive why notes deposited in any Bank for collection, and falling due there, were put on the same footing as notes discounted. The State .had an immediate interest in the profits of all Banks incorporated by the Act of March, 1814. Now it is certain, that the collection of'almost all notes, would fall to those Banks in which no defalcation was allowed, and consequently the public finances would be benefited, at the same time that the interests of commerce were promoted. The clause in question therefore, calls for a liberal construction, for the purpose of preventing defalcation. Nor has the defendant the least right to complain. For he must be supposed to have known the law, by which his right of set-off would be taken away, in case his note should be lodged in Bank for collection. And moreover, it was his express agreement, that he should not have that right,'for such are the words of the note. I am clearly of opinion, therefore, that the set-off w’as not admissible, and the judgment should'be affirmed.
Judgment affirmed.