The opinion of the court was delivered by
Tidghman, C, J.
This is an action brought by Absalom, Feeder, indorsee óf William Lander, on a promissory note,' drawn by the defendants, (who are plaintiffs in error,) payable to William Lander, or order, for value received, without defalcation. The defendants pleaded non assumpserunt, with notice' of special matter to’ be given in evidence, and on'the trial, offered evidence, that the consideration of the note hud failed. This evidence was objected to by the counsel for the plaintiff, and rejected by the Court. The defendants excepted to the courts’ opinion, and on that exception, the cause has been argued. It was conceded by the counsel for the plaintiffs in error, that by the general commercial law, the evidence was not admissible. But they contended, that it was admissible by the act of assembly of 1715, 1 Sm. L. 90, by which promissory notes were made assignable, and in which it is provided, that the assignee may sue in his own name, and receive the money mentioned in the note, or so much thereof as shall appear to be due at the time of the assignment. The construction put upon this act, in the case of M'Cullough v. Houston, was, that the indorser' *196 of a promissory note, takes it, subject to all equitable considerations, to which it was subject in the hands of the original payee. The authority of this case is not now to be questioned, although it must be confessed, that it has been submitted to with great reluctance, and the general opinion certainly is, that had the point been first discussed ten years later,' it would have received a different decision. It was found, however, as our commerce increased, that the principle of defalcation, was incompatible with the negotiability of paper; and, therefore, the legislature was obliged to interfere. By the act of 27th February, 1797, it was enacted, that promissory notes bearing date in the city or county of Philadelphia, whereby any person should promise to pay to another, or his order, any sum of money, for value received, and in the body of which, the words “ without defalcation,” or “ without set off,” should be inserted, should be held by the indorsee, discharged from any claim of defalcation, or set off, by the drawer, or indorsers thereof, and the indorsees should be entitled to recover against the drawer and indorsers, such sum as on the face of the note, or by indorsement thereon, -should appear to be due. And by another act, passed the 21st March, 1813, (by which 40 banks were incorporated,) it is enacted, section 13, that all notes or bills, at any time discounted by any of the said banks, or deposited for collection, and falling due at any of the said banks, shall be placed on the same,footing as foreign bills of exchange, &c. Now it is not contended, that foreign bills of exchange, in the hands of an in-dorsee for valuable consideration, are liable to setoff, or defalcation, on account of any want of consideration; so that the anticommercial principle set up in' the case of M'Cullough v. Houston, has, in . most instances, been rendered harmless, by legislative provision. But there are some cases out of the purview of the acts I have mentioned, and the note in question presents one of them. For, it is neither dated in the city or county of Philadelphia; nor was it. discounted in any of the banks, or deposited in them for collection.It must be acknowledged, .that it is very desirable,- the law with respect to the right of defalcation, should be placed on some certain and uniform principle, and not left to depend on the accident of a note’s being discounted by a bank, or deposited in it for collection. Indeed, I consider it as the duty of this court, to put it on such footing, unless there be some act of assembly to the contrary. It-comes to this question then, whether there be any act of assembly forbidding the maker of .a promissory note to agree, that he will pay it without defalcation. It would be extraordinary, indeed, if there were, because, undoubtedly, such an agreement makes the note more valuable, being of more easy circulation, and no man has a right to complain of hardship, who is compelled to do no more than what he has engaged to do. Not one of our acts of assembly contain any thing like an express prohibition of such an agreement. The act of 1797, is affirmative, and declares that when an agreement *197 of this kind appear in a note, bearing date in the city or county of Philadelphia, it shall be performed. As. to all other notes, it is silent. It would, therefore, be contrary to all rules'of fair reasoning, to infer an intention in the act of 1797, to make all promissory notes subject to defalcation, unless they beat\ date in the city or county of Philadelphia, whatever might be the agreement of the parties. The case of M'Cullough v. Houston, was not upon a note, without defalcation, and as its authority ought certainly not to be extended by equity, it has very little bearing on the case before us. The commercial law disregards form, and is bottomed on good faith. And is there not a breach of good faith, in putting paper into circulation, with an assurance on its face, that it shall be paid at all events, and then endeavouring to defeat it, under- pre-tence of secret transactions between the maker and original payee? Between them, there is no objection to entering into the consideration of the note;, because each is privy to the original transaction. But when such a defence is set up against an indorsee who has paid full value for the note, without notice of any thing which should avoid it, there is something very like fraud. I think the principle' which should govern this case, has been often decided. We have held, that if the assignee of a bond, inquires of the obligor’, before he takes the assignment, whether he has any thing to say against payment, and is answered, that the bond is good, the obligor shall never after be permitted to dispute payment. This is upon the broad principle of equity, which corrects the provision of the act of 1715, by which the assignee is disabled from recovering more than could have been recovered by the obligor. For, the principle which I have mentioned, I refer to the cases of Ludwick v. Croll, 2 Yeates, 464, and Carnes v. Field & Harlan, 2 Yeates, 541. Now, to be sure, the indorsee of this note did not inquire of the maker, whether he had any objection to payment. And why should he, when he had his engagement, in the body of the note, that he would make no objection ? Upon the faith of this engagement he paid his money, so that his case is within the spirit of the authorities I have cited. • I will mention two other cases, very similar in principle? to the one before us. In Fenner v. Meares, 2 W. Black, 1269, A, had given a respondentia bond to B., and agreed by a writing in-' dorsed on the bond, that he would pay the whole, principal and in- ■ terest, to the assigns of B., without any deduction or abatement whatever: B. assigned the bond to C. for a valuable consideration and in an action on the case by C. against A., it was held, that the whole, principal and interest, was recoverable. In Colson v. Welsh, 1. Esp. Rep. 378, it was decided, that where' one promises to pay a certain sum absohitely, he shall not be permitted to set off. I-said before, that between the original parties, (the maker and the payee,) the consideration might be inquired into, although, the promise was, to pay ‘‘without defalcation.” The reason is this: the words ‘'without defalcation” were introduced into pro» *198 missory notes, solely for the purpose of taking them out of the principle established in the case of M'Cullough v. Houston, for the purpose of making them subject to the rules of the general mercantile law, but not to carry them beyond that law. This construction was given to them, in the case of Cromwells Exors. v. Arrott, 1 S. & R. 180. So that the understanding of the parties must be taken to have been, that this note should be on the footing of promissory notes in England. That being the case, there is no breach of faith in the maker’s setting up a failure of consideration against the-payee. But when the note gets into the hands of a third person, for valuable consideration in the course of business,, the case is widely different. For then the holder looks to the face of the note, and is not bound to make any inquiry beyond it. This was the case with the plaintiff, and I am, therefore, of opinion, that.the evidence .offered by the defendant to prove a failure of consideration, was properly rejected. The judgment is to be affirmed.
Judgment affirmed.